UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:19-cv-04907-JPH-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

Steven Brown challenges his conviction and sentence pursuant to 28 U.S.C. § 2255 arguing in part that his counsel was ineffective for failing to file a notice of appeal when asked to do so. Because it is undisputed that Brown asked counsel to appeal and no appeal was filed, his § 2255 motion is granted, and he will be given the opportunity to appeal.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his or her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870,

1

878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On May 2, 2018, Brown was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Brown*, 1:18-cr-136-JPH-TAB-1 ("Crim. Dkt.") Dkt. 1. Two months later, the parties filed a petition to enter a plea of guilty and plea agreement. Crim. Dkt. 23.

Under the plea agreement, Brown agreed to plead guilty as charged and waived his right to appeal the conviction and sentence if the Court sentenced him within the advisory guideline range determined by the Court. *Id.* ¶¶ 1, 20. Brown also agreed not to contest his conviction or sentence in any action, including under § 2255. *Id.* ¶ 21.

At the combined plea and sentencing hearing, the Court accepted Brown's plea, found him guilty, and sentenced him to 78 months' imprisonment, a sentence within the advisory guideline range. Dkt. 33, 34.

Brown did not appeal and then filed this § 2255 motion.

## III. Discussion

In support of his § 2255 motion, Brown contends that his counsel was ineffective for failing to file a notice of appeal as requested.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is

professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). This is the case "even when the defendant has, in the course of pleading guilty, signed … an 'appeal waiver'…." *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019). "[W]hen counsel fails to file a requested appeal, a defendant is entitled to ... an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999).

Here, Brown attests that after the sentencing hearing, he "immediately turned to [counsel] and asked him to prepare an appeal…." Dkt. 26-1 ¶ 10. The United States has presented no evidence disputing these facts. Instead, the United States asks the Court to disregard Brown's testimony:

> This Court should not presume that an attorney refused a client's request based on merely the word of an imprisoned defendant. [Counsel] is the one person who can answer the salient question: Whether Brown requested a notice of appeal or not.

Dkt. 28 p. 11.

But the Seventh Circuit has rejected this approach explaining:

> [W]e "long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010), *quoted in Trinity Homes LLC v. Ohio Cas. Ins. Co*., 629 F.3d 653, 660 (7th Cir. 2010). The same principle holds true for habeas corpus petitions and § 2255 motions.

*Ryan v. United States*, 657 F.3d 604, 606, fn.1. (7th Cir. 2011).

The United States asks the Court to order defense counsel to submit testimony regarding whether Brown asked to appeal.  But if the United States believes that testimony from Brown's counsel is necessary to support the response to the § 2255 motion, it should have submitted an affidavit with its response or filed a motion. It's true that the Court has in some factually similar cases found the attorney-client privilege to have been waived. But that was in response to a motion filed by the government and based on testimony from counsel that was furnished by the

3

government. *See White v. United States*, 1:19-cv-868-JPH-MPG; *Taylor v. United States*, 1:16-cr-3515-TWP-MPB; *White v. United States*, 1:19-cv-2776-SEB-MJD dkt. 7, 10.

Because it is undisputed that Brown instructed his attorney to file a notice of appeal and his attorney did not do so, Brown must be given a new opportunity to appeal his conviction and sentence.[1] *See Garza*, 139 S. Ct. at 749.

### IV. Conclusion

For the reasons explained in this Order, Brown's motion for relief pursuant to 28 U.S.C. § 2255 is **granted** to the extent that Brown may appeal the conviction and sentence in Case No. 1:18-cr-136-JPH-TAB-1. The motion is in all other respects **dismissed without prejudice.**

The **clerk shall terminate** the motions to vacate, Crim. Dkt. [39] and [40], reissue the judgment of December 14, 2018, and file a notice of appeal on Brown's behalf in that case.

**SO ORDERED.**

Date: 10/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com

---

[1] This finding is based on Brown's uncontested version of the events and is not a finding that Brown, in fact, instructed his counsel to file a notice of appeal. Instead, it is a finding that Brown's version of events is uncontested for the limited purpose of resolving this motion.