UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-136-JPH-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| STEVEN BROWN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Defendant filed a pro se motion for compassionate release. Dkt. 47.[1] The Court appointed counsel to represent him, dkt. 48, but counsel later withdrew, dkt. 60. When counsel withdrew, the Court gave Defendant additional time to supplement his motion, *id.*, and he filed a supplement, dkt. 62. He also filed a motion asking the Court to appoint him another attorney. Dkt. 63. In his various filings, Defendant argues that extraordinary and compelling reasons warrant

---

[1] To the extent Defendant is asking the Court to allow him to serve the remainder of his sentence on home confinement, *see* dkt. 62 at 1, the Court lacks the authority to do so. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the Courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Defendant's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Defendant's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

release because he suffers from asthma, which increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* dkts. 47, 63.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Defendant has not met his burden to show that extraordinary and compelling reasons warrant release. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order . . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants,

2

we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Defendant is vaccinated, *see* dkt. 62 at 1, and he has presented no evidence or argument suggesting that he is unable to receive or benefit from the vaccine. Additionally, Defendant "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). Accordingly, Defendant has failed to carry his burden to show that the risk of COVID-19 presents an extraordinary and compelling reason for release.

Accordingly, the Court concludes that the interests of justice still do not support appointing counsel to represent Defendant, and Defendant's motion for counsel, dkt. [63], is **denied**. In addition, for the reasons stated above, Defendant's motion for compassionate release, dkt. [47], is **denied**.

**SO ORDERED.**

Date: 5/19/2022

                                                                     James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Steven Brown
Reg. No. 16403-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

All Electronically Registered Counsel